No. 23128.

R. W. Mier Construction Co. *v.* Concrete Contractors, Inc.
(440 P.2d 788)

Decided May 13, 1968.

Mitchell Benedict, III, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE MCWILLIAMS delivered the opinion of the Court.

CONCRETE CONTRACTORS, INC., a Colorado corporation hereinafter referred to as the subcontractor, made claim against R. W. Mier Construction Co., also a Colorado corporation which will hereinafter be referred to as the general contractor, for $741.10. This sum represented the reasonable value of certain "changes" made by the subcontractor in the concrete work called for in the plans and specifications relating to the construction of a new school building. Incidentally, the subcontract price for all concrete work, exclusive of any "extras," was $65,860.

Upon trial judgment was entered in favor of the subcontractor and against the general contractor in the amount prayed for, namely $741.10. By this writ of error the general contractor now seeks reversal of the judgment thus entered against him and as grounds therefor asserts: (1) that the clause in the subcontract providing that the subcontractor should make no "change" without first acquiring the written authorization of the general contractor is valid and bars recovery, inasmuch as it was undisputed that the general contractor did not give *written* authorization for the change in question; and (2) the evidence is insufficient to establish any waiver by the general contractor of the aforesaid provision of the subcontract.

Counsel for the general contractor in his brief concedes that a provision of the type with which we are here concerned, even though valid and binding, may nonetheless be waived. So, the real issue is whether in the instant case there was such waiver by the general contractor.

The evidence concerning waiver was in sharp conflict and posed a disputed issue of fact. Our review of the record convinces us that there is sufficient evidence to establish a waiver by the general contractor of this particular contractual provision, and therefore the judgment must be affirmed.

Judgment affirmed.